Citation Nr: 1719103 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 15-09 776 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to a rating in excess of 10 percent for a left knee disability.

2. Entitlement to a rating in excess of 10 percent for a right knee disability.

3. Entitlement to rating in excess of 10 percent prior to July 23, 2015 and 20 percent thereafter for lumbar spine degenerative disc disease.

4. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: John S. Berry, Attorney




ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1976 to October 1976, from May 1983 to August 1983, and from February 1985 to April 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska.

The Board finds the issue of entitlement to TDIU is included in the present appeal as an element of the Veteran's appeals of the ratings assigned for his back and bilateral knee disabilities because unemployability has been raised by the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The General Rating Formula for Diseases and Injuries of the Spine indicates any neurological abnormalities associated with a spine disability must be rated under an appropriate diagnostic code. See 38 C.F.R. § 4.71a. Here, the Veteran has recently submitted private treatment records that show he may have neurological abnormalities associated with his service-connected lumbar spine degenerative disc disease. A notice letter mailed to the Veteran in May 2017 indicates the AOJ has requested an examination through a private provider to determine the nature and severity of this impairment. The Board finds it must defer adjudication of the initial rating assigned lumbar spine degenerative disc disease in light of this pending development. Any newly obtained evidence should also be adjudicated by the AOJ in the first instance to ensure the Veteran is afforded due process. See Disabled Am. Veterans v. Sec'y of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003).

Additionally, the record establishes VA has attempted to schedule the Veteran for several knee examinations during the appeal period. There is some ambiguity in the record as to the reason why the Veteran has not participated in these examinations. Initially, the Veteran reported he would not participate in further examinations due to dissatisfaction with prior examinations and general frustration with the VA adjudication system; however, he has more recently reported he has been unable to report for examinations due to increased back pain. In an abundance of caution and in an effort to provide the Veteran with the opportunity to develop evidence potentially helpful to his claim, the Board finds efforts should be made to offer the Veteran the opportunity to schedule a new knee examination.

The issue of entitlement to TDIU is inextricably intertwined with the issues being remanded to the AOJ for further consideration. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that where a decision on one issue would have a "significant impact" upon another, and that impact in turn could render any appellate review on the other claim meaningless and a waste of judicial resources, the two claims are inextricably intertwined).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran, to include by phone if necessary, and ask him if he is willing to attend future examinations regarding his claims for higher ratings for his back and bilateral knee disabilities. These efforts must be documented in the claims. If the Veteran refuses to report for future examinations, a formal finding to this effect should be associated with the claims file, clearly noting the reasons why the Veteran has elected not to attend future examinations.

2. If the Veteran is willing to report for examinations, schedule him for a new examination to assess the current severity of his bilateral knee disability. All indicated tests and studies must be performed. The claims file, to include a copy of this remand, must be reviewed by the examiner in conjunction with the examination.

The examiner must test the range of motion for pain in active motion, passive motion, weight-bearing, and nonweight-bearing, for both the left and right knees. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why this is so.

Once this testing is completed, the examiner must compare the current results with range of motion testing for pain from prior examinations and provide an opinion as to whether the current results with regard to ranges of motion for pain in active motion, passive motion, weight-bearing, and nonweight-bearing are similar to what would have been shown during prior examinations if such testing would have been conducted at the time of those examinations, to the extent possible.

3. If the Veteran is willing to report for examinations, schedule him for a new examination to determine the current severity of his back disability.
The examiner must test the range of motion for pain for the lumbar spine in active motion, passive motion, weight-bearing, and nonweight-bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why this is so.

Once this testing is completed, the examiner must compare the current results with range of motion testing from prior examinations and provide an opinion as to whether the current results with regard to ranges of motion in active motion, passive motion, weight-bearing, and nonweight-bearing are similar to what would have been shown during prior examinations if such testing would have been conducted at the time of those examinations, to the extent possible.

3. Readjudicate the issue of entitlement to TDIU in accordance with Rice v. Shinseki, 22 Vet. App. 447 (2009), to include on an extra-schedular basis if necessary, after completing the development steps above.

4. If any benefit sought on appeal remains denied, issue a supplemental statement of the case and return the matter to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).